FILED

IN THE CIRCUIT COURT
3RD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

2006 JUL 27 AM 10: 51

CLERK OF CIRCUIT COURT
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

HERBERT D. DENNISON and )
JUDITH A. DENNISON )
  )
    Plaintiffs, )
-vs.- ) CASE NO. _____
  )
SHELL OIL COMPANY, ) JURY TRIAL DEMANDED
ASHLAND INC., )
BENJAMIN MOORE & CO., )
BERRYMAN PRODUCTS, INC., )
BP PRODUCTS NORTH AMERICA INC., )
BP CORPORATION NORTH AMERICA INC. )
BP AMOCO CHEMICAL COMPANY )
BRIDGESTONE AMERICAS HOLDING, INC., )
CHEVRON U.S.A. INC., )
CHEVRON CORPORATION, )
CONOCO, INC., )
CONOCOPHILLIPS COMPANY, )
CRC INDUSTRIES, INC., )
EXXON MOBIL CORPORATION, )
EXXONMOBIL OIL CORPORATION, )
GENERAL MOTORS CORPORATION, )
ILLINOIS TOOL WORKS, INC., )
LPS LABORATORIES, INC., )
MOBIL CHEMICAL COMPANY INC., )
RADIATOR SPECIALTY COMPANY, )
RUST-OLEUM CORPORATION, )
THE SHERWIN-WILLIAMS COMPANY, )
UNITED STATES STEEL CORPORATION, )
USX CORPORATION, )
WD-40 COMPANY, )
W.M. BARR & COMPANY, INC. )
  )
    Defendants, )

EXHIBIT
B

## COMPLAINT

Now comes the Plaintiffs, HERBERT D. DENNISON and JUDITH A. DENNISON, by their attorneys, and for their causes of action against Defendants Shell Oil Company, Ashland Inc., Benjamin Moore & Co., Berryman Products Inc., BP Products North America Inc., BP Corporation North America Inc., BP Amoco Chemical Company, Bridgestone Americas Holding Inc., Chevron Corporation, Chevron U.S.A. Inc., Conoco Inc., ConocoPhillips Company, CRC Industries Inc., Exxon Mobil Corporation, ExxonMobil Oil Corporation, General Motors Corporation, Illinois Tool Works Inc., LPS Laboratories Inc., Mobil Chemical Company, Radiator Specialty Company, Rust-Oleum Corporation, The Sherwin-Williams Company, United States Steel Corporation, USX Corporation, WD-40 Company and W.M. Barr & Company Inc. states as follows:

## ALLEGATIONS COMMON TO ALL COUNTS

1. The Plaintiffs, HERBERT D. DENNISON and JUDITH A. DENNISON, are residents of the State of Illinois.

2. Defendant, RUST-OLEUM CORPORATION is an Illinois corporation in good standing doing business in the State of Illinois. Summons may be issued by serving Defendant through its registered agent, to wit: Prentice Hall Corporation, 33 North Lasalle Street, Chicago, Illinois 60602.

3. Defendant ILLINOIS TOOL WORKS, INC. is a Delaware corporation with a principal place of business at 3600 West Lake Avenue, Glenview, Illinois. Summons may be issued by serving Defendant through its registered agent, to wit: James H. Wooten, Jr., 3600 West Lake Avenue, Glenview, Illinois 60026.

4. Defendant **SHELL OIL COMPANY** is a Delaware corporation in good standing doing business in the State of Illinois. Summons may be issued by serving Defendant through its registered agent, to wit: **Illinois Corporation Service Co., 801 Adlai Stevenson Drive, Springfield, Illinois 62703.**

5. Defendant **ASHLAND INC.** is a Kentucky corporation in good standing doing business in the State of Illinois. Summons may be issued by serving Defendant through its registered agent, to wit: **CT Corporation System, 208 South Lasalle Street, Suite 814, Chicago, Illinois 60604.**

6. Defendant **BENJAMIN MOORE & CO.** is a New Jersey corporation in good standing doing business in the State of Illinois. Summons may be issued by serving Defendant through its registered agent, to wit: **Illinois Corporation Service Co., 801 Adlai Stevenson Drive, Springfield, Illinois 62703.**

7. Defendant **BERRYMAN PRODUCTS, INC.** is a Texas corporation doing business in the State of Illinois who does not maintain a registered agent in the State of Illinois. Summons may be issued by serving Defendant through the **Illinois Secretary of State** to Defendant's last known address, to wit: **3800 East Randol Mill Road, Arlington, Texas 76011.**

8. Defendant **BP PRODUCTS NORTH AMERICA INC.** is a Maryland corporation in good standing doing business in the State of Illinois. Summons may be issued by serving Defendant through its registered agent, to wit: **Prentice Hall Corporation, 33 North Lasalle Street, Chicago, Illinois 60602.**

9. Defendant, **BP CORPORATION NORTH AMERICA INC.** is a Delaware corporation in good standing doing business in the State of Illinois. Summons may be issued by

serving Defendant through its registered agent, to wit: **Prentice Hall Corporation, 33 North Lasalle Street, Chicago, Illinois 60602.**

10. Defendant **BP AMOCO CHEMICAL COMPANY** is a Delaware corporation in good standing doing business in the State of Illinois. Summons may be issued by serving Defendant through its registered agent, to wit: **CT Corporation System, 208 South Lasalle Street, Suite 814, Chicago, Illinois 60604.**

11. Defendant **BRIDGESTONE AMERICAS HOLDING, INC.** is a Nevada corporation in good standing doing business in the State of Illinois. Summons may be issued by serving Defendant through its registered agent, to wit: **National Registered Agents Inc., 200 West Adams Street, Chicago, Illinois 60606.**

12. Defendant **CHEVRON CORPORATION** is a Delaware corporation doing business in the State of Illinois who does not maintain a registered agent in the State of Illinois. Summons may be issued by serving Defendant through the Illinois Secretary of State to Defendant's last known address, to wit: **6001 Bollinger Canyon Road, San Ramon, California 94583.**

13. Defendant **CHEVRON U.S.A. INC.** is a Pennsylvania corporation in good standing doing business in the State of Illinois. Summons may be issued by serving Defendant through its registered agent, to wit: **Prentice Hall Corporation, 33 North Lasalle Street, Chicago, Illinois 60602.**

14. Defendant **CONOCO, INC.** is a Delaware corporation in good standing doing business in the State of Illinois. Summons may be issued by serving Defendant through its registered agent, to wit: **CT Corporation System, 208 South Lasalle Street, Suite 814, Chicago, Illinois 60604.**

15. Defendant **CONOCOPHILLIPS COMPANY** is a Delaware corporation in good standing doing business in the State of Illinois. Summons may be issued by serving Defendant through its registered agent, to wit: **United States Corporation Co., 33 North Lasalle Street, Chicago, Illinois 60602.**

16. Defendant **CRC INDUSTRIES, INC.** is a Pennsylvania corporation doing business in the State of Illinois who does not maintain a registered agent in the State of Illinois. Summons may be issued by serving Defendant through the Illinois Secretary of State to Defendant's last known address, to wit: **885 Louis Drive, Warminister, Pennsylvania 18974.**

17. Defendant **EXXON MOBIL CORPORATION** is a New Jersey corporation in good standing doing business in the State of Illinois. Summons may be issued by serving Defendant through its registered agent, to wit: **Illinois Corporation Service Co., 801 Adlai Stevenson Drive, Springfield, Illinois 62703.**

18. Defendant **EXXONMOBIL OIL CORPORATION** is a New York corporation in good standing doing business in the State of Illinois. Summons may be issued by serving Defendant through its registered agent, to wit: **Prentice Hall Corporation, 33 North Lasalle Street, Chicago, Illinois 60602.**

19. Defendant **GENERAL MOTORS CORPORATION** is a Delaware corporation in good standing doing business in the State of Illinois. Summons may be issued by serving Defendant through its registered agent, to wit: **CT Corporation System, 208 South Lasalle Street, Suite 814, Chicago, Illinois 60604.**

20. Defendant **LPS LABORATORIES, INC.** is a Delaware corporation doing business in the State of Illinois who does not maintain a registered agent in the State of Illinois. Summons

may be issued by serving Defendant through the Illinois Secretary of State to Defendant's last known address, to wit: 4647 Hugh Howell Road, Tucker, Georgia 30084.

21. Defendant **MOBIL CHEMICAL COMPANY, INC.** is a Delaware corporation in good standing doing business in the State of Illinois. Summons may be issued by serving Defendant through its registered agent, to wit: **Prentice Hall Corporation, 33 North Lasalle Street, Chicago, Illinois 60602.**

22. Defendant **RADIATOR SPECIALTY COMPANY** is a North Carolina corporation doing business in the State of Illinois who does not maintain a registered agent in the State of Illinois. Summons may be issued by serving Defendant through the Illinois Secretary of State to Defendant's last known address, to wit: **P. O. Box 34689, Charlotte, North Carolina 28234.**

23. Defendant **THE SHERWIN-WILLIAMS COMPANY** is a Ohio corporation in good standing doing business in the State of Illinois. Summons may be issued by serving Defendant through its registered agent, to wit: **CT Corporation System, 208 South Lasalle Street, Suite 814, Chicago, Illinois 60604.**

24. Defendant **UNITED STATES STEEL CORPORATION** is a Delaware corporation in good standing doing business in the State of Illinois. Summons may be issued by serving Defendant through its registered agent, to wit: **National Registered Agents Inc., 200 West Adams Street, Chicago, Illinois 60606.**

25. Defendant **USX CORPORATION** is a Delaware corporation in good standing doing business in the State of Illinois. Summons may be issued by serving Defendant through its registered agent, to wit: **Prentice Hall Corporation, 33 North Lasalle Street, Chicago, Illinois 60602.**

26. Defendant WD-40 COMPANY is a California corporation in good standing doing business in the State of Illinois. Summons may be issued by serving Defendant through its registered agent, to wit: **CT Corporation System, 208 South Lasalle Street, Suite 814, Chicago, Illinois 60604.**

27. Defendant W.M. BARR & COMPANY, INC. is a Tennessee corporation doing business in the State of Illinois who does not maintain a registered agent in the State of Illinois. Summons may be issued by serving Defendant through the **Illinois Secretary of State** to Defendant's last known address, to wit: **Post Office Box 1879, Memphis, Tennessee 38101.**

28. The Plaintiff Herbert Dennison was employed as a contractor at various plants and refineries from approximately 1965 to 1997. Herbert Dennison worked as an Ironworker at plants and refineries owned by Conoco, Sherwin-Williams, Shell, Firestone, General Motors, Amoco and Texaco. Specifically, Mr. Dennison worked at both Shell and Amoco's Wood River, Illinois facilities in Madison County from approximately 1965 to 1968.

29. From 1965 to 1997 while working as an Ironworker Herbert Dennison was exposed to airborne emissions containing benzene and was additionally exposed to products which included benzene as an ingredient or contaminant (hereinafter "benzene-containing products") which were manufactured and/or sold by Defendants.

30. That the aforesaid benzene-containing products were manufactured and/or sold by the following Defendants:

Shell Oil Company,
Ashland Inc.,
Benjamin Moore & Co.,
Berryman Products Inc.
BP Products North America Inc.

BP Corporation North America Inc.
BP Amoco Chemical Company
Bridgestone Americas Holding Inc.
Chevron Corporation
Chevron U.S.A. Inc., Conoco Inc.
ConocoPhillips Company
CRC Industries Inc.
Exxon Mobil Corporation
ExxonMobil Oil Corporation
General Motors Corporation
Illinois Tool Works Inc.
LPS Laboratories Inc.
Mobil Chemical Company
Radiator Specialty Company
Rust-Oleum Corporation
The Sherwin-Williams Company
United States Steel Corporation
USX Corporation
WD-40 Company
W.M. Barr & Company Inc.

31. That by working with and being exposed to the aforesaid benzene-containing products, Decedent was exposed to dangerous levels of benzene.

32. That as a direct and proximate result of Herbert Dennison's exposure to benzene, he developed Myelodysplastic Syndrome (Refractory Anemia With Ring Sideroblasts) which was diagnosed on or about August 2, 2004.

33. That Plaintiff Herbert Dennison did not know that the aforesaid products could contain benzene, or that benzene could cause Myelodysplastic Syndrome until approximately February 2005 and this Complaint is, therefore, timely filed pursuant to the Illinois discovery rule.

## COUNT I - NEGLIGENCE

34. That Plaintiff alleges and incorporates herein each allegation set forth in paragraphs 1 through 33.

35. That Defendants manufactured the benzene containing products.

36. That Defendants were negligent, and failed to use ordinary care, by eliminating the benzene from the products and failed to provide a safe place for Plaintiff to work.

37. That Defendants failed to give adequate warnings of the harmful effects associated with exposure to benzene and benzene-containing products and failed to warn of the dangerous conditions on their premises.

38. That Defendants failed to provide adequate safety equipment and/or failed to recommend adequate safety and/or control measures and failed to keep their premises in a reasonably safe condition.

39. That as a direct and proximate result of the negligence of Defendants, Plaintiff used said benzene containing products, was exposed to dangerous levels of benzene, developed Myelodysplastic Syndrome.

40. That as a direct and proximate result of the negligence of Defendants, Plaintiff suffered illnesses and diseases, which has disabled and disfigured Plaintiff; Plaintiff has in the past, and will in the future, be compelled to expend and become liable for large sums of monies for hospital, medical and other health care services necessary for the treatment of his benzene-related diseases and conditions; Plaintiff has in the past and will in the future experience great physical pain and mental anguish as a result of his exposure to benzene.

WHEREFORE, Plaintiffs pray judgment against each Defendant in a fair and reasonable amount in excess of FIFTY THOUSAND DOLLARS ($50,000), together with costs herein expended, and for any further relief this Court deems just and proper.

## COUNT II - NEGLIGENT FAILURE TO WARN

41. That Plaintiffs allege and incorporate herein each allegation set forth in paragraphs 1 through 33.

42. That Defendants manufactured and/or sold the benzene-containing products.

43. That Defendants were negligent, and failed to use reasonable care, in that they failed to adequately warn of the presence of benzene in the products and adequately warn of the harm associated with exposure to benzene in their products or present on their premises.

44. That as a direct and proximate result of the negligence of Defendants, Plaintiff Herbert Dennison used said benzene containing products, and was exposed to dangerous levels of benzene, and developed Myelodysplastic Syndrome.

45. That as a direct and proximate result of the negligence of Defendants, Plaintiff suffered illnesses and diseases, which has disabled and disfigured Plaintiff; Plaintiff has in the past, and will in the future, be compelled to expend and become liable for large sums of monies for hospital, medical and other health care services necessary for the treatment of his benzene-related diseases and conditions; Plaintiff has in the past and will in the future experience great physical pain and mental anguish as a result of his exposure to benzene.

WHEREFORE, Plaintiffs pray judgment against each Defendant in a fair and reasonable amount in excess of FIFTY THOUSAND DOLLARS ($50,000), together with costs herein expended, and for any further relief this Court deems just and proper.

## COUNT III - STRICT LIABILITY/DEFECTIVE PRODUCT

46. That Plaintiffs allege and incorporate herein each allegation set forth in paragraphs 1 through 33.

47. That Defendants were the manufacturers and/or sellers of the benzene-containing products and were engaged in the business of selling the benzene-containing products.

48. That the benzene-containing products were defective and unreasonably dangerous at the time they were sold, in that they contained dangerous levels of benzene.

49. That as a direct and proximate result of the defective and unreasonably dangerous condition of the benzene-containing products, Plaintiff used said benzene containing products, was exposed to dangerous levels of benzene and developed Myelodysplastic Syndrome.

50. That as a direct and proximate result of the negligence of Defendants, Plaintiff suffered illnesses and diseases, which has disabled and disfigured Plaintiff; Plaintiff has in the past, and will in the future, be compelled to expend and become liable for large sums of monies for hospital, medical and other health care services necessary for the treatment of his benzene-related diseases and conditions; Plaintiff has in the past and will in the future experience great physical pain and mental anguish as a result of his exposure to benzene.

WHEREFORE, Plaintiffs pray judgment against each Defendant in a fair and reasonable amount in excess of FIFTY THOUSAND DOLLARS ($50,000), together with costs herein expended, and for any further relief this Court deems just and proper.

### COUNT IV - STRICT LIABILITY/WARNING

51. That Plaintiff alleges and incorporates herein each allegation set forth in paragraphs 1 through 33.

52. That Defendants manufactured and/or sold the benzene-containing products and were engaged in the business of selling the benzene-containing products.

53. That the benzene-containing products were defective and unreasonably dangerous at the time they were sold, in that they were not accompanied by adequate warnings of the presence of benzene in the products, and adequate warnings of the risk of harm associated with exposure to benzene.

54. That as a direct and proximate result of the defective and unreasonably dangerous condition of the benzene-containing products, Decedent used said benzene containing products, was exposed to dangerous levels of benzene and developed Myelodysplastic Syndrome.

55. That as a direct and proximate result of the negligence of Defendants, Plaintiff suffered illnesses and diseases, which has disabled and disfigured Plaintiff; Plaintiff has in the past, and will in the future, be compelled to expend and become liable for large sums of monies for hospital, medical and other health care services necessary for the treatment of his benzene-related diseases and conditions; Plaintiff has in the past and will in the future experience great physical pain and mental anguish as a result of his exposure to benzene.

WHEREFORE, Plaintiffs judgment against each Defendant in a fair and reasonable amount in excess of FIFTY THOUSAND DOLLARS ($50,000), together with costs herein expended, and for any further relief this Court deems just and proper.

Respectfully Submitted,

HEARD ROBINS CLOUD & LUBEL, LLP
L. JETH JONES, II (Pro Hac Vice Pending)
Texas Bar Number: 24012927
500 Dallas, Suite 3100
Houston, TX 77002
Phone: (713) 650-1200
Fax: (713) 650-1400

and

HOLLORAN & SCHWARTZ

_____
THOMAS E. SCHWARTZ,
Illinois Bar Number: 6281496
1010 Market Street, Suite 1650
St. Louis, MO 63101
Phone: (314) 621-2121
Fax: (314) 621-8512

ATTORNEYS FOR PLAINTIFFS