# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

**HERBERT D. DENNISON, et al.,** )
)
       **Plaintiffs,** )
)
**vs.** )   **CIVIL NO. 07-802-GPM**
)
**SHELL OIL COMPANY, et al.,** )
)
       **Defendants.** )

# ORDER

**MURPHY, District Judge:**

On December 5, 2007, after preliminary review of the notice of removal in this case, the Court entered an order noticing sua sponte procedural defects in the removal, specifically, failures to join in removal by Defendants Bridgestone Americas Holding, Inc. ("Bridgestone"), Chevron Corporation ("Chevron"), Mobil Chemical Company ("Mobil Chemical"), and USX Corporation ("USX").[1] The Court ordered Plaintiffs Herbert D. Dennison and Judith A. Dennison to file on or before December 7, 2007, either a consent to the removal of the case or a motion for remand of the case to state court. The Court also directed Defendant Shell Oil Company ("Shell"), as the removing Defendant in this case, to file on or before December 7 any explanation it might have for the procedural defects in removal noticed by the Court. Mr. and Mrs. Dennison now have filed a motion for remand of this case to state court on the basis of the procedural defects in removal noticed in the Court's December 5 order (Doc. 28). Shell in turn has filed a brief purporting to explain the defects in

---

1. The December 5 order outlined the nature of the claims in this case and the procedural history of the case, and the Court believes it is unnecessary to repeat that recitation here.

removal (Doc. 29). The Court rules as follows.

Shell's submission to the Court is styled a "supplement" to its notice of removal, which the Court takes to mean that it is intended to amend certain defects in the allegations of the notice of removal. It is true, of course, that defective allegations of jurisdiction in a notice of removal may be amended in a district court or on appeal. *See* 28 U.S.C. § 1653; *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 70 n.1 (7th Cir. 1992); *Pruitt v. Kelly Moore Paint Co.*, Civil No. 07-768-GPM, 2007 WL 4226068, at *3 (S.D. Ill. Nov. 13, 2007). As a general rule, however, a notice of removal may be amended under Section 1653 to correct a procedural defect in removal only where a timely objection to the defect is not raised, and the right to amend is terminated once a plaintiff asserts a timely objection to the defect. *See Yount v. Shashek*, 472 F. Supp. 2d 1055, 1062 (S.D. Ill. 2006) (citing *Michaels v. New Jersey*, 955 F. Supp. 315, 321-22 (D.N.J. 1996)) (failure to consent to removal is a procedural defect in removal that can be waived; thus, amendment of a notice of removal will be allowed to cure the defect when parties have failed to make a timely objection thereto); *HCA Health Servs. of Midwest, Inc. v. Rosner*, No. 89 C 2007, 1989 WL 56937, at *1 (N.D. Ill. May 26, 1989) ("Defendants argue that a removal notice which does not explain the absence of a co-defendant can be cured by an amended notice after the 30 day statutory period ends . . . . Defendants fail to recognize that amendments can be made to correct defective allegations of jurisdiction after the 30 day period only when the plaintiff waives the requirement. The statute mandates remand of the case absent a waiver by plaintiff."); *HCA Health Servs. of Midwest, Inc. v. Blatchford*, No. 89 C 937, 1989 WL 13171, at *1 (N.D. Ill. Feb. 14, 1989) (citing *Northern Ill. Gas Co. v. Airco Industrial Gases, Div. of Airco, Inc.*, 676 F.2d 270, 273 (7th Cir. 1982)) (holding that a notice of removal that fails to explain why certain defendants have not joined in removal

"mandates remand" in the absence of a waiver of the defect); *Ryals v. Marco Island Partners*, 685 F. Supp. 683, 686 (N.D. Ill. 1988) (same); *Romashko v. Avco Corp.*, 553 F. Supp. 391, 392 (N.D. Ill. 1983) (quoting *P.P. Farmers' Elevator Co. v. Farmers Elevator Mut. Ins. Co.*, 395 F.2d 546, 548 (7th Cir. 1968)) (in an action in which a removing defendant did not explain the absence of co-defendants in the notice of removal, holding that "[t]his case must be and is remanded to [Illinois state court], for even though the action was potentially removable 'the procedure used to effect removal was defective and plaintiff did not waive the defect.'"). *Accord P-Nut Carter's Fireworks, Inc. v. Carey*, 685 F. Supp. 952, 953 (D.S.C. 1988) (even assuming for the sake of argument that a defendant who failed to join in removal was merely a nominal party, the case had to be remanded to state court where the notice of removal contained no explanation of the defendant's failure to join in removal and the notice was not amended within the thirty-day period for removal under 28 U.S.C. § 1446(b)); *Mayers v. Connell*, 651 F. Supp. 273, 274-75 (M.D. La. 1986) (refusing to permit a removing defendant to amend a notice of removal to explain that a co-defendant which did not join in removal had not been served with process when the case was removed, so that the co-defendant's consent to removal was not required: "[T]he defendants have lost their right to remove this suit to this court unless plaintiff has waived the defect."). In this case, because Shell's notice of removal contained no explanation of why Chevron, Mobil Chemical, and USX failed to join in the removal, the removal, as was discussed in the Court's December 5 order, is procedurally defective. Given the timely objection to removal raised by Mr. and Mrs. Dennison on the basis of the failures of Chevron, Mobil Chemical, and USX to consent to removal, this case must be remanded to state court.

With respect to Bridgestone, Shell continues to insist that Bridgestone's consent to removal

is not required because Bridgestone has settled with Mr. and Mrs. Dennison and therefore is merely a nominal party to this case, despite the fact that the record in this case discloses neither a finalized settlement between Bridgestone and Mr. and Mrs. Dennison nor a stipulation for dismissal or entry of judgment as to the claims asserted against Bridgestone. The Court politely reminds Shell and its counsel that decisions of federal trial courts such as *In re Bridgestone/Firestone, Inc., Tires Product Liability Litigation*, 287 F. Supp. 2d 940 (S.D. Ind. 2003), and *Estate of Pilsnik v. Hudler*, 118 F. Supp. 2d 905 (E.D. Wis. 2005), upon which Shell relies in support of its position, do not constitute controlling law in this or any other circuit, any more than this Court's decisions do. *See Harzewski v. Guidant Corp.*, 489 F.3d 799, 806 (7th Cir. 2007) ("[D]istrict court cases . . . , as we tirelessly but futilely remind the bar, are not precedents."); *Midlock v. Apple Vacations W., Inc.*, 406 F.3d 453, 457-58 (7th Cir. 2005) ("[A] district court decision does not have stare decisis effect; it is not a precedent. It may be a wise, well-reasoned decision that persuades by the quality of its reasoning, but in that respect it is no different from a persuasive article or treatise.") (citations omitted); *FutureSource LLC v. Reuters Ltd.*, 312 F.3d 281, 283 (7th Cir. 2002) ("The reasoning of district judges is of course entitled to respect, but the decision of a district judge cannot be a controlling precedent."); *Dudley v. Putnam Inv. Funds*, 472 F. Supp. 2d 1102, 1105 (S.D. Ill. 2007) (because a district court's decisions are not precedential, "it is unnecessary and, in fact, impossible" for such a court to overrule its own earlier decisions, even if it later concludes that a previous decision was in error). Absent controlling authority by the United States Court of Appeals for the Seventh Circuit, the Court believes that the best-reasoned view is that, as was discussed in the December 5 order, a settling defendant should not be deemed nominal for purposes of consent to removal until such time as a finalized settlement has been reached and a stipulation

of dismissal or for entry of judgment has been filed with respect to any claims against the settling defendant. This view is consistent, of course, with the traditional rule that the procedural requirements governing removal are strictly construed in favor of remand. *See In re Continental Cas. Co.*, 29 F.3d 292, 294 (7th Cir. 1994) (citing *Ayers v. Watson*, 113 U.S. 594 (1885)) ("The plaintiff has a right to remand if the defendant did not take the right steps when removing[.]"); *Fields v. Jay Henges Enters., Inc.*, Civil No. 06-323-GPM, 2006 WL 1875457, at *2 (S.D. Ill. June 30, 2006) ("[A] defendant seeking removal must strictly comply with all the statutory requirements, and where there is doubt as to whether the requirements have been satisfied, the case should be remanded."). This view is consistent also with the Court's "general desire to limit federal jurisdiction" on removal. *Vogel v. Merck & Co.*, 476 F. Supp. 2d 996, 1006 (S.D. Ill. 2007). In this particular instance, Bridgestone continues to be identified as a party to this case on the Court's docket and in the parties' submissions to the Court many weeks after Shell removed the case from state court. The Court has no idea if and when a final settlement of the claims brought by Mr. and Mrs. Dennison against Bridgestone will be reached, nor is the question especially important, save that under the circumstances of this case the Court cannot conclude that Bridgestone is merely a nominal party. Thus, Bridgestone's failure to join in the removal of this case is an additional ground for remand of the case to state court.[2]

---

2. Although it is not necessary for the Court to reach the question in view of its conclusion that the removal of this case is procedurally defective, the Court notes that in their motion for remand Mr. and Mrs. Dennison raise cogent objections to the existence of federal subject matter jurisdiction in this case. As noted in the Court's December 5 order, this case has been removed on the basis of so-called "federal enclave" jurisdiction, which arises from the constitutional authority vested in Congress to exercise "power and exclusive authority 'in all Cases whatsoever . . . over all places purchased' by the government 'for the erection of Forts, Magazines, Arsenals, Dock-Yards, and other needful Buildings.'" *Akin v. Ashland Chem. Co.*, 156 F.3d 1030, 1034 (10th Cir. 1998) (quoting U.S. Const. art. I, § 8, cl. 17). From this grant of legislative authority over federal enclaves,

To conclude, the motion for remand brought by Mr. and Mrs. Dennison (Doc. 28) is **GRANTED**, and pursuant to 28 U.S.C. § 1447(c) this case is **REMANDED** to the Circuit Court of the Third Judicial Circuit, Madison County, Illinois.

**IT IS SO ORDERED.**

DATED: 12/14/07

s/ G. Patrick Murphy
G. Patrick Murphy
United States District Judge

---

courts have extrapolated a species of federal question jurisdiction with respect to controversies arising on such enclaves. *See Zuniga v. Chugach Maint. Servs.*, No. CVF060048AWILJO, 2006 WL 769317, at **3-5 (E.D. Cal. Mar. 24, 2006). In this case, Shell's allegations that Mr. Dennison may have been exposed to benzene while working at a United States Navy ammunition facility near Terre Haute, Indiana, for approximately two weeks in 1998 do not make an especially convincing case for the existence of federal enclave jurisdiction. For one thing, there is no evidence in the record that the property on which the Terre Haute facility was located in fact was ceded to the government by the State of Indiana and therefore was a federal enclave. *See Sinicki v. General Elec. Co.*, No. 1:05-CV-508, 2005 WL 1592961, at *2 (N.D.N.Y. July 7, 2005) (finding that federal enclave jurisdiction did not exist where there was no evidence that property on which the Department of Defense operated a facility where an explosion occurred had been ceded to the federal government). For another, nothing in the record suggests that the vast majority of the exposure to benzene alleged in the complaint in this case occurred at a federal enclave. *See Blahnik v. BASF Corp.*, C.A. No. C-06-410, 2006 WL 2850113, at **3-4 (S.D. Tex. Oct. 3, 2006) (in an action for personal injuries caused by exposure to benzene, holding that the fact that the plaintiff may have been exposed to the carcinogen during a two-year period of military service was insufficient to establish federal enclave jurisdiction); *Anderson v. Crown Cork & Seal*, 93 F. Supp. 2d 697, 702-03 (E.D. Va. 2000) (in a suit for personal injuries due to exposure to asbestos, holding that federal enclave jurisdiction did not exist where the vast majority of the exposure occurred on a military vessel, rather than at a federal enclave). Finally, even assuming that Mr. Dennison's alleged exposure to benzene at the Terre Haute facility were sufficient to sustain federal enclave jurisdiction, it certainly would be in the Court's power to sever and remand to state court any claims in this case not arising from exposure to benzene at a federal enclave. *See, e.g., Madden v. Able Supply Co.*, 205 F. Supp. 2d 695, 698-703 (S.D. Tex. 2002). However, as noted, the Court is not required to reach the question of subject matter jurisdiction in this case at this time.